UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO: 4:23-cv-00230-MW/MAF

AIDS HEALTHCARE FOUNDATION, INC.

    Plaintiff,

vs.

OKALOOSA AIDS SUPPORT AND
INFORMATIONAL SERVICES, INC.,
a/k/a "OASIS," and the FLORIDA
DEPARTMENT OF HEALTH,

    Defendants.
_____/

## STIPULATED HIPAA QUALIFIED PROTECTIVE ORDER

The parties to this Stipulated HIPAA Qualified Protective Order, Plaintiff and Defendants in the above-captioned action, (Plaintiff and Defendants shall be referred to, collectively, as the "Parties" or, individually, as a "Party"), have agreed to the terms of this Order. Accordingly, it is ORDERED:

Unless expressly stated, nothing herein is intended to modify the Federal Rules of Civil Procedure,

1. Plaintiff's claims and Defendants' anticipated defenses in this case will likely involve the production in discovery and otherwise of Protected Health Information ("PHI") that may be protected from disclosure pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as well as the production of proprietary business information, trade secrets, and other types of confidential information requiring confidential treatment. Thus, there is good cause for the entry of a protective order that will enable any producing party to exchange PHI and other confidential information while, at the same time, preserving the rights of Parties and

1

the obligations of the Court to retain the secrecy of PHI in Court proceedings. The Parties' rights to challenge any Party's designation of information as "Confidential" is preserved as set forth herein.

2. **Scope**. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceeding in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

## HIPAA QUALIFIED PROTECTIVE ORDER FOR DOCUMENTS DESIGNATED "PHI CONFIDENTIAL"

3. **Form and Timing of Designation.** A party may designate documents that include PHI as confidential and restricted in disclosure under this Order by placing or affixing the words "PHI CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the "PHI CONFIDENTIAL" designation. When electronically stored information containing PHI, which cannot itself be marked with the designation "PHI CONFIDENTIAL," is produced, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation.

4. In accordance with the requirements of the regulations promulgated under HIPAA, specifically 45 C.F.R. §§ 164.512(e)(1)(ii)(B) & (v), the Court, hereby, institutes a HIPAA QUALIFIED PROTECTIVE ORDER, as that term is defined in the foregoing regulations, to govern PHI.

5. Pursuant to 45 C.F.R. § 164.512(e)(1)(i) and for purposes of compliance with HIPAA, the Court, hereby, institutes an ORDER TO DISCLOSE PROTECTED HEALTH INFORMATION. Without waiver of any right to prepayment of costs or other appropriate objection or privilege that may be timely asserted, the attorneys, employees, agents, and designees of each Party or each Party's legal counsel in this case are expressly and specifically AUTHORIZED AND ORDERED to respond to:

   a. valid Requests for Production, or Interrogatories served pursuant to the Federal Rules of Civil Procedure in the above-styled proceeding or litigation for production of PHI documents, and to designate any documents produced in response containing PHI as "PHI CONFIDENTIAL";

   b. valid Requests for Copies served pursuant to the Federal Rules of Civil Procedure in the above-styled proceeding or litigation for production of documents without deposition containing PHI, and to designate any document produced in response containing PHI as "PHI CONFIDENTIAL"; and

   c. each one of the party's own expert(s) who requests, either orally or in writing, PHI for purposes of reviewing the above-styled claim or litigation in whole or in part, whether the expert is a consulting or trial expert, and whether the expert is considered retained for compensation or non-retained, by disclosing and providing such requested PHI, and to designate any documents provided in response containing PHI as "PHI CONFIDENTIAL."

6. Pursuant to 45 C.F.R. § 164.512(e)(1)(i) and for the purposes of compliance with HIPAA, without waiver of any right to prepayment of costs or other appropriate objection or privilege that may be timely asserted, all persons or entities, whether a party or non-party, including fact witnesses, records custodians, experts, treating physicians, medical offices, and others providing healthcare (mental or physical) related services, shall comply with, and are, hereby, AUTHORIZED and ORDERED to use or disclose to the attorneys, employees, agents, and designees of each Party or each Party's legal counsel in this case any responsive PHI (while also designating it "PHI Confidential") in response to any and all subpoenas for records or deposition notices served upon them, unless an objection has been timely filed, at any time in the course of this litigation.

7. The authorization and order set forth above, in compliance with both HIPAA regulations and any applicable state law not pre-empted by HIPAA, expressly include PHI concerning psychological and mental health records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseases. The command of the Court in paragraphs 6 and 7 are separate authorizations for use or disclosure of PHI that are in addition to, and inclusive of, the use and disclosures authorized under the HIPAA Qualified Protective Order set forth herein.

   a. **PROTECTIVE ORDER FOR NON-PHI DOCUMENTS DESIGNATED "CONFIDENTIAL"**

8. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation. Documents shall be

designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" prior to or at the time of the production or disclosure of the documents. When electronically stored information, which cannot itself be marked with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," is produced, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation, the parties may agree temporarily to designate original documents that are produced for inspection as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," as required under this Order and, thereafter, the copies shall be subject to protection under this Order in accordance with their designation. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order.

9. **Documents Which May be Designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."** Any party may designate documents as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly

5

available. Public records and other information or documents that are publicly available may not be designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

10. **Depositions.** Deposition testimony shall be deemed "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Thereafter, the deposition transcripts and any of those portions so designated shall be protected as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," pending objection to such designation under the terms of this Order.

11. **Protection of Confidential Material.**

    a) **General Protections**. Documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in paragraph 11(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    b) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER":

1. **Counsel.** Counsel for the Parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

2. **Parties.** Parties and employees of a Party to this Order;

3. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

4. **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

5. **Others by Consent.** Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c) **Control of Documents.** Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for

a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

d) **Copies.** Prior to production to another Party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

e) **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

12. **Filing of Documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" Under Seal.** Absent a statute, court rule, administrative order or an order of this Court, documents generally may not be filed under seal. *See* Local Rule 5.5(A). Neither this Stipulated Protective Order nor any other sealing order constitutes blanket authority to file entire documents under seal. Only confidential portions of relevant documents are subject to sealing. To the extent that a brief, memorandum or pleading references any document marked

as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Absent a court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall be submitted electronically and shall be linked to this Stipulated Protective Order or other relevant authorizing order. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of this Stipulated Protective Order, or other relevant authorizing order, shall be included in the sealed envelope. Any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom. The hearing, argument, or trial will be public in all respects.

13. **Challenges by a Party to Designation as Confidential.** Any "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation is subject to challenge by any Party or non-party with standing to object. Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a

good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

14. **Action by the Court.** Applications to the Court for an order relating to any documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be by motion under Local Rule 7.1 and any other procedures set forth in the Court's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

15. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" documents or information derived therfrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

16. **Obligations on Conclusion of Litigation.**

   a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   b) **Return of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in paragraph 11(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" documents.

c) **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

17. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

18. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**SO ORDERED on July XX, 2023.**

_____
MARK E. WALKER
CHIEF UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CASE NO: 4:23-cv-00230-MW/MAF**

AIDS HEALTHCARE FOUNDATION, INC.

    Plaintiff,

vs.

OKALOOSA AIDS SUPPORT AND
INFORMATIONAL SERVICES, INC.,
a/k/a "OASIS," and the FLORIDA
DEPARTMENT OF HEALTH,

    Defendants.
_____/

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Florida in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address:	_____

                                               _____

                                               _____

Date:	Signature:	_____