UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AIDS HEALTHCARE
FOUNDATION, INC.,

    Plaintiff,

v.                                              Case No. 4:23-cv-230-MW/MAF

OKALOOSA AIDS SUPPORT AND
INFORMATIONAL SERVICES, INC.,
a/k/a "OASIS," et al,

    Defendants.

**DEFENDANT OKALOOSA AIDS SUPPORT AND INFORMATIONAL SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, OKALOOSA AIDS SUPPORT AND INFORMATIONAL SERVICES, INC. ("OASIS"), hereby responds to the material allegations of the Complaint filed by Plaintiff, AIDS HEALTHCARE FOUNDATION, INC. ("Plaintiff"), as follows:

1. Acknowledged that Plaintiff seeks declaratory and injunctive relief, as well as damages. Denied that Plaintiff is entitled to declaratory and injunctive relief as the Court has dismissed claims for such relief. Denied that Plaintiff is entitled to and other damages or any relief whatsoever. Denied that OASIS engaged in any "arbitrary and capricious practices" or that it breached any agreement with Plaintiff. Except as expressly admitted, OASIS denies all material allegations of paragraph 1 of Plaintiff's Complaint.

1

2. Denied.

3. Denied.

4. Denied.

5. Acknowledged that Plaintiff seeks declaratory and injunctive relief, as well as damages. Denied that Plaintiff is entitled to declaratory and injunctive relief as the Court has dismissed claims for such relief. Denied that Plaintiff is entitled to and other damages or any relief whatsoever. Denied that OASIS engaged "unlawful or inequitable misconduct." Except as expressly admitted, OASIS denies all material allegations of paragraph 5 of Plaintiff's Complaint.

## Jurisdictional Allegations

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

## Factual Allegations

13. Admitted.

14. Admitted.

15. Admitted.

16. The agreement between OASIS and the Department of Health, which is attached as Exhibit A to the Complaint, speaks for itself. Except as expressly admitted, OASIS denies all material allegations of paragraph 16 of Plaintiff's Complaint.

17. The agreement between OASIS and the Department of Health, which is attached as Exhibit A to the Complaint, speaks for itself. Except as expressly admitted, OASIS denies all material allegations of paragraph 17 of Plaintiff's Complaint.

18. Upon information and belief, admitted.

19. Upon information and belief, admitted.

20. Denied that any agreement between OASIS and AHF had renewed for a period of eight years. The Memorandum of Agreement for Outpatient Ambulatory Health Services and Ryan White Case Management Services between OASIS and Plaintiff, which is attached to the Complaint as Exhibit B, speaks for itself. Except as expressly admitted, OASIS denies all material allegations of paragraph 20 of Plaintiff's Complaint.

21. Denied.

22. Admitted that the agreement between OASIS and AHF that took effect on April 1, 2023 ("2023 Agreement"), is attached as Exhibit C to the Complaint.

That agreement speaks for itself. Denied that the agreement is a "Renewed Agreement." Except as expressly admitted, OASIS denies all material allegations of paragraph 22 of the Complaint.

23. The 2023 Agreement speaks for itself. Except as expressly admitted, OASIS denies all material allegations of paragraph 23 of the Complaint.

24. Admitted that the 2023 Agreement was signed by OASIS's executive director, Kurt Goodman, on March 25, 2023, and by AHF's president, Michael Weinstein, on April 13, 2023. Except as expressly admitted, OASIS denies all material allegations of paragraph 24 of the Complaint.

25. Admitted that OASIS sent the Notice of Termination, attached to the Complaint as Exhibit D, to AHF. That document speaks for itself. Denied that the cap on case-manager caseloads was new or arbitrary. Except as expressly admitted, OASIS denies all material allegations of paragraph 25 of the Complaint.

26. Admitted that OASIS separately sent a termination notice to AHF via certified mail dated April 1, 2023. Denied that the 2023 Agreement was a "renewed agreement." Except as expressly admitted, OASIS denies all material allegations of paragraph 26 of the Complaint.

27. The 2023 Agreement speaks for itself. Admitted that OASIS did not request a monetary penalty. Except as expressly admitted, OASIS denies all material allegations of paragraph 27 of the Complaint.

28. Admitted that AHF disputed OASIS's conclusion that AHF was not in compliance with the 2023 Agreement and that OASIS maintained its intention to terminate the 2023 Agreement on June 1, 2023. On information and belief, admitted that AHF hired additional case managers. Except as expressly admitted, OASIS denies all material allegations of paragraph 28 of the Complaint.

29. Denied.

30. Denied.

31. Denied.

32. Admitted that OASIS contacted individuals receiving services under Ryan White Part B in Area 1 and informed them that the 2023 Agreement had been terminated. Except as expressly admitted, OASIS denies all material allegations of paragraph 30 of the Complaint.

33. On information and belief, admitted that AHF has satisfied any conditions precedent to bringing these claims. Denied that any condition precedent has been waived or excused.

34. Admitted that AHF has retained counsel to bring this action. OASIS is without information as to whether AHF has incurred any attorney's fees and costs, and therefore denies the same. Except as expressly admitted, OASIS denies all material allegations of paragraph 34 of the Complaint.

## Count I – Breach of Contract
## (Against OASIS)

35. The allegations of paragraphs 1 through 34 are incorporated by reference as though fully set forth herein.

36. Admitted that OASIS and AHF entered into the 2023 Agreement. The 2023 Agreement speaks for itself. Denied that the 2023 Agreement is a "renewed agreement." Except as expressly admitted, OASIS denies all material allegations of paragraph 36 of the Complaint.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## Count II – Breach of Implied Covenant of Good Faith and Fair Dealing
## (Against OASIS)

41. The allegations of paragraphs 1 through 34 are incorporated by reference as though fully set forth herein.

42. Admitted that OASIS and AHF entered into the 2023 Agreement, which was valid, binding, and enforceable. The 2023 Agreement speaks for itself. Denied that the 2023 Agreement was a "renewed agreement." Except as expressly admitted, OASIS denies all material allegations of paragraph 42 of the Complaint.

43. Admitted that the 2023 Agreement incorporated an implied covenant of good faith and fair dealing. Denied that the 2023 Agreement was a "renewed agreement."

44. Denied.

45. Denied.

46. Denied.

**Count III – Tortious Interference with Business Relationships**
**(Against OASIS)**

47. The allegations of paragraphs 1 through 34 are incorporated by reference as though fully set forth herein.

48. Denied.

49. Admitted that OASIS knew AHF was providing services to qualifying individuals under Ryan White Part B in Area 1 pursuant to an agreement with OASIS. Denied that AHF has an ongoing relationship to provide Ryan White Part B services to qualifying individuals in Area 1. OASIS is a party to an agreement with the State of Florida making OASIS the Lead Agency for providing Ryan White Part B services to qualifying individuals in Area 1. OASIS entered the 2023 Agreement with AHF in furtherance of performing that obligation, and the 2023 Agreement obligated AHF to provide those services on OASIS's behalf and subject to OASIS's supervision and approval. OASIS had a beneficial interest in any relationships between AHF on the one hand and the individuals to whom AHF

provided Ryan White Part B services in Area 1 on the other. Except to the extent expressly admitted, OASIS denies all material allegations of paragraph 49 of the Complaint.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

**Count IV –Declaratory Judgment and Injunction**

55. The allegations of paragraphs 1 through 34 are incorporated by reference as though fully set forth herein.

56. This Court has dismissed Count IV in its entirety, and therefore no responsive pleading is required as to Count IV. To the extent a responsive pleading is required, OASIS denies each and every material allegation in paragraphs 56 through 68 of the Complaint and further denies that AHF is entitled to any of the relief sought therein.

**Affirmative Defenses**

OASIS hereby asserts the following affirmative defenses to AHF's claims.

1. Estoppel. AHF and OASIS entered into the 2023 Agreement, and AHF accepted the benefits of that agreement. When it accepted those benefits, AHF had

notice of the case-management cap. Because AHF accepted the benefits of the 2023 Agreement with knowledge of the case-management cap, AHF is estopped from repudiating the case-management cap.

2. Privilege. AHF provided Ryan White Part B services to qualifying individuals in Area 1 pursuant to agreements with OASIS, which was the Lead Agency with the ultimate responsibility for providing those services in Area 1 pursuant to a separate agreement with the State of Florida. OASIS had a beneficial interest in any relationships between AHF on the one hand and the individuals to whom AHF provided Ryan White Part B services in Area 1 on the other; and OASIS was the supervisor of any such relationships at all times relevant hereto. OASIS did not act out of malice nor for any ulterior purpose, nor did it employ any improper methods such as threats, conspiratorial conduct, or misrepresentations.

WHEREFORE, Defendant OASIS demands a judgment in its favor and against Plaintiff AHF directing that AHF shall take nothing by this action and that OASIS shall go hence without day, and any other remedy this Court deems just and appropriate.

**Demand for Jury Trial**

OASIS demands a jury trial on all issues so triable.

Respectfully submitted,

**CLARK PARTINGTON**

By: */s/ Daniel E. Harrell*
**DANIEL E. HARRELL**
Florida Bar Number 105222
**DOUGLAS ALAN BATES**
Florida Bar Number: 0791431
P.O. Box 13010
Pensacola, FL  32591-3010
Phone: (850) 434-9200
Fax: (850) 432-7340
dharrell@clarkpartington.com
dbates@clarkpartington.com

**BAILEY HOWARD**
Florida Bar Number: 1002258
215 S. Monroe St., Suite 530
Tallahassee, FL 32301
Phone: (850) 320-6831
Fax: (850) 597-7591
bhoward@clarkpartington.com

*Attorneys for Defendant, Okaloosa Aids Support and Informational Services, Inc., a/k/a "OASIS"*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been filed with the Clerk of the Court and furnished electronically via the CM/ECF Filing System to the following on this 25th day of October, 2023:

Kendall Coffey, Esq.
Scott A. Hiaasen, Esq.
Sergio E. Molina, Esq.
Jeffrey B. Crockett, Esq.
Coffey Burlington, P.L.
2601 South Bayshore Drive, Penthouse One
Miami, FL 33133
kcoffey@coffeyburlington.com
shiaasen@coffeyburlington.com
lperez@coffeyburlington.com
jcrockett@coffeyburlington.com
service@coffeyburlington.com
smolina@coffeyburlington.com
bdiaz@coffeyburlington.com
*Counsel for Plaintiff*

        */s/ Daniel E. Harrell*
        **DANIEL E. HARRELL**