**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

AIDS HEALTHCARE
FOUNDATION, INC.,

     Plaintiff,

v.                               Case No. 4:23-cv-230-MW/MAF

OKALOOSA AIDS SUPPORT AND
INFORMATIONAL SERVICES, INC.,
a/k/a "OASIS," et al,

     Defendants.

_____/

**DEFENDANT OKALOOSA AIDS SUPPORT AND INFORMATIONAL**
**SERVICES, INC.'S MOTION FOR ATTORNEY'S FEES**

    Pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and Rule

54.1(d) of the Northern District of Florida Local Rules, Defendant, OKALOOSA

AIDS SUPPORT AND INFORMATIONAL SERVICES, INC., a/k/a "OASIS,"

("OASIS"), moves this Court for a determination of its entitlement to an award of

attorney's fees recoverable from Plaintiff, AIDS HEALTHCARE FOUNDATION,

INC. ("AHF").  In support, OASIS states the following:

**PROCEDURAL AND FACTUAL BACKGROUND**

    1.    On May 31, 2023, AHF initiated this action by filing its Complaint,

which alleged claims against OASIS for breach of contract, breach of the implied

covenant of good faith and fair dealing, and tortious interference with business

1

relationships.   The initial Complaint also purported to set forth a claim for declaratory judgment and injunction against both OASIS and the Florida Department of Health.  *See* ECF No. 1.

2.     OASIS moved to dismiss all counts on June 27, 2023.  *See* ECF No. 20.

3.     The Florida Department of Health also moved to dismiss the declaratory judgment and injunction count against it on June 27, 2023.  *See* ECF No. 22.

4.     AHF moved for an emergency preliminary injunction (*see* ECF No. 8), and after full briefing by all parties, this Court held an evidentiary hearing on AHF's motion on July 13, 2024, followed by written closing argument filed by the parties.

5.     On August 8, 2023, AHF filed a notice of voluntary dismissal of its claim for injunctive relief against the Florida Department of Health.  See ECF No. 39.  Subsequently, this Court entered an Order acknowledging the dismissal of the declaratory judgment and injunction claims against the Florida Department of Health.  *See* ECF No. 40.

6.     On October 10, 2023, this Court denied AHF's motion for preliminary injunction.  See ECF No. 46.

7.     On October 11, 2023, this Court granted, in part, and denied, in part, OASIS's motion to dismiss.  *See* ECF No. 47.  As part of this Order, this Court

dismissed Count IV of Plaintiff's Complaint, which dismissed AHF's claims for declaratory judgment or injunctive relief.

8.  On November 7, 2023, OASIS served on AHF a Proposal for Settlement pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes.  *See* Exh. A.  AHF never responded to OASIS's Proposal for Settlement.

9.  On December 16, 2024, the Court entered an Order granting OASIS's Motion for Summary Judgment, dismissing all remaining counts against OASIS asserted by AHF.  *See* ECF No. 75.  On December 17, 2024, a judgment was entered in accordance with the Court's Order.  *See* ECF No. 76.

## **MEMORANDUM OF LAW**

Pursuant to Northern District of Florida Local Rule 54.1(D), there is a bifurcated procedure for determining attorneys' fees and non-taxable expenses. According to that rule, an initial motion is to be filed solely addressing the issue of entitlement.  As such, this motion solely addresses the issue of entitlement.[1]

---

[1] To comply with Rule 54(d)(2)(B)(iii) of the Federal Rules of Civil Procedure, OASIS notes that a fair estimate of the attorney's fees at issue is approximately $60,000.00. OASIS anticipates seeking a judgment for approximately that amount after this Court rules on entitlement and submitting the requisite time records and declarations in support at that time (as is the procedure dictated by Local Rule 54.1(D)).

OASIS is entitled to attorney's fees based on the Proposal for Settlement it served on AHF pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes. *See* Exh. A, Proposal for Settlement. Because this is a diversity case, federal procedural law and state substantive law apply. *Houston Specialty Ins. Co. v. Vaughn*, 749 F. App'x 800, 801 (11th Cir. 2018) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). Section 768.79 is substantive law and "applies to civil actions filed in federal courts located in Florida." *Barnes v. Morgan*, No. 307CV294/MD, 2009 WL 909432, at *1 (N.D. Fla. Apr. 2, 2009) (citing *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1150 (11th Cir. 2008); *see also Bostick v. State Farm Mut. Auto. Ins. Co.*, No. 8:16-CV-1400-T-33AAS, 2019 WL 13245287, at *1 (M.D. Fla. Nov. 15, 2019), report and recommendation adopted, No. 8:16-CV-1400-T-33AAS, 2019 WL 13245284 (M.D. Fla. Dec. 12, 2019) ("Section 768.69 applies to actions filed in, or removed to, federal court in Florida."); *Travelers Indem. Co. v. Attorney's Title Ins. Fund, Inc.*, No. 2:13-cv-670, 2019 WL 359862, at *6 (M.D. Fla. Jan. 14, 2019) (citing *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011) (observing that some sections of Rule 1.442 are substantive as well).

Section 768.79 provides:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or

> him . . . from the date of filing of the offer if the judgment is one
> of no liability . . . .

§ 768.79(1) (2023). As set forth above, section 768.69 applies to actions filed in, or removed to, federal court in Florida. *Menchise*, 532 F.3d at 1150. Entitlement to attorney's fees is mandatory when section 768.79's "prerequisites have been fulfilled." *TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606, 611 (Fla. 1995). If an offer satisfies the requirements of Section 768.79, as this one did, "[t]he sole basis on which a court can disallow an entitlement to an award of fees is if it determines that [the] offer was not made in good faith." *McMahan v. Toto*, 311 F.3d 1077, 1083 (11th Cir. 2002); *see also Evans v. Piotraczk*, 724 So. 2d 1210, 1211 (Fla. 4th DCA 1998) (explaining the good-faith analysis combines consideration of "the relative amount of potential damage" with "the risk of liability").

The proposal for settlement must also comply with Florida Rule of Civil Procedure 1.442. *See Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 376-78 (Fla. 2013). Rule 1.442(c) requires that a proposal for settlement state with particularity any relevant conditions so an offeree can make an informed decision. *Hill v. Allianz Life Ins. Co. of N. Am.*, No. 6:14-cv-950, 2018 WL 3635107, at *9-10 (M.D. Fla. Apr. 12, 2018) (citing *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006)).

OASIS's Proposal for Settlement offers to resolve all damages claimed including attorney's fees, for $5,000 in exchange for Plaintiff's voluntary dismissal

of this case with prejudice. *Id.* This amount reflects a reasonable balance between the potential damages and OASIS's reasoned assessment of the chances it might ultimately be held liable. The Proposal for Settlement indicates that Plaintiff's claim includes a claim for punitive damages, and therefore allocates $1.00 for punitive damages, reflecting OASIS's good-faith evaluation that any claim for punitive damages had a purely nominal value. *Id.*; *see also Eagleman v. Eagleman*, 673 So. 2d 946, (Fla. 4th DCA 1996) (nominal offers only invalid if not based on a realistic assessment of liability). This Proposal for Settlement complies with both Section 768.79 and Rule 1.442. Accordingly, OASIS is entitled to attorney's fees from the date of service of the Proposal for Settlement, and this Court should enter an Order providing that OASIS is entitled to recover its attorney's fees based on the rejection of its Proposal for Settlement by AHF.

WHEREFORE, OASIS respectfully requests that this Court find that OASIS is entitled to an award of attorney's fees and proceed to the next phase of the bifurcated proceedings under Local Rule 54.1.

Respectfully submitted this 30th day of December, 2024.

**CLARK PARTINGTON**

*/s/ Daniel E. Harrell*
**DANIEL E. HARRELL**
Florida Bar Number 105222
**DOUGLAS ALAN BATES**
Florida Bar Number: 0791431
125 E. Intendencia Street
Pensacola, FL  32502
Phone: (850) 434-9200
Fax: (850) 432-7340
dharrell@clarkpartington.com
dbates@clarkpartington.com

**BAILEY HOWARD**
Florida Bar Number: 1002258
215 S. Monroe St., Suite 530
Tallahassee, FL 32301
Phone: (850) 320-6831
Fax: (850) 597-7591
bhoward@clarkpartington.com

*Attorneys for Defendant, Okaloosa Aids Support and Informational Services, Inc., a/k/a "OASIS"*

**CERTIFICATE OF COMPLIANCE AS TO ATTORNEY CONFERENCE**

I hereby certify that, as required by Local Rule 7.1(B), the undersigned counsel held the requisite attorney conference with counsel for AHF via telephone in advance of filing this motion.  Counsel for AHF indicated that AHF is opposed to this motion.

> */s/ Daniel E. Harrell*
> **DANIEL E. HARRELL**

**CERTIFICATE OF COMPLIANCE AS TO WORD COUNT**

I hereby certify that, as required by Local Rule 7.1(F), this Response contains 1,243 words, counted as provided in Local Rule 7.1(F).

> */s/ Daniel E. Harrell*
> **DANIEL E. HARRELL**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed with the Clerk of the Court and furnished electronically via the CM/ECF Filing System to the following on this 30th day of December, 2024:

Kendall Coffey, Esq.
Sergio E. Molina, Esq.
Coffey Burlington, P.L.
2601 South Bayshore Drive, Penthouse One
Miami, FL 33133
kcoffey@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com
smolina@coffeyburlington.com
bdiaz@coffeyburlington.com
*Counsel for Plaintiff*

/s/ Daniel E. Harrell
**DANIEL E. HARRELL**