**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**AIDS HEALTHCARE
FOUNDATION, INC.,**

　　　*Plaintiff*,

**v.**　　　　　　　　　　　　　　　　**Case No.: 4:23cv230-MW/MAF**

**OKALOOSA AIDS SUPPORT
AND INFORMATIONAL SERVICES,
INC., a/k/a "OASIS," et al.,**

　　　*Defendants.*

_____/

### ORDER GRANTING ENTITLEMENT TO ATTORNEY'S FEES

This Court has considered, without hearing, Defendant OASIS's motion to determine entitlement to attorney's fees pursuant to Florida Statutes § 768.79 and Florida Rule of Civil Procedure 1.442. ECF No. 77. Plaintiff opposes the motion, asserting Defendant's proposal for settlement is invalid because Plaintiff pursued claims for equitable relief and monetary damages.[1] ECF No. 82. But Plaintiff is mistaken.

---

[1] Although Plaintiff does not challenge the format or contents of the proposal for settlement, this Court has examined the proposal for settlement and finds that it otherwise complies with the format and content requirements of Florida law and is free of ambiguity. The proposal names the party making it and the party to whom it's being made, it states that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, it states with particularity any relevant conditions, it states the total amount of the proposal and any nonmonetary terms of the proposal, it states with particularity the amount proposed to settle a claim of punitive damages, it states whether the proposal includes a attorneys'

"Florida's offer-of-judgment statute, § 768.79, permits an award of reasonable attorney's fees where, among other scenarios, 'a plaintiff refuses to accept an offer of judgment from the defendant and the ensuing judgment is one of no liability on the part of the defendant.' " *B&D Nutritional Ingredients, Inc. v. Unique Bio Ingredients, LLC*, 5 F. App'x 503, 506 (11th Cir. 2021) (quoting *MYD Marine Distrib., Inc. v. Int'l Paint Ltd.*, 187 So. 3d 1285, 1286 (Fla. 4th DCA 2016)). The statute is limited to civil actions for damages and does not apply to nonmonetary claims, but the presence of a request for nonmonetary relief is not always dispositive. *Id*. at 507; *see also Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 374 (Fla. 2013) ("We hold that section 768.79 does not apply to an action in which a plaintiff seeks both damages and equitable relief, and in which the defendant has served a general offer of judgment that seeks release of *all claims*." (emphasis added)).

This case is unlike the cases Plaintiff cites, all of which involved offers of judgment to resolve *all* claims, including claims seeking equitable relief. *See B&D Nutritional Ingredients*, 855 F. App'x at 508 ("[B]ecause the defendants' offers of judgment were directed at 'all claims,' including equitable ones, they were invalid under *Diamond Aircraft*."); *Southern Specialties, Inc. v. Farmhouse Tomatoes, Inc.*,

---

fees and whether attorneys' fees are part of the legal claim, and it includes a certificate of service. *See* ECF No. 82-1.

259 So. 3d 869, 871 (Fla. 4th DCA 2018) (reversing attorney's fee award because defendant's offer of judgment was directed at "all claims," including plaintiff's claim for injunctive relief); *Starboard Cruise Servs., Inc. v. DePrince*, 259 So. 3d 295, 300–02 (Fla. 3d DCA 2018) (affirming order denying motion for attorney's fees because proposal for settlement was conditioned on release of all claims, including claim for nonmonetary relief).

The proposal for settlement "must be evaluated as of the time of the offer." *Palmentere Bros. Cartage Serv., Inc. v. Copeland*, 277 So. 3d 729, 733 (Fla. 1st DCA 2019). And as Defendant points out, Plaintiff's claims for nonmonetary relief had all been dismissed *before* Defendant filed its proposal for settlement. *See, e.g.*, ECF No. 47 (Order, dated October 10, 2023, granting in part motion to dismiss and concluding "Plaintiff is not, however, entitled to declaratory or injunctive relief on any claim"); ECF No. 82-1 (proposal for settlement of remaining damages claims, served on November 7, 2023). As of November 7, 2023, Plaintiff's claims for nonmonetary relief were no longer part of Plaintiff's case when Defendant served the proposal for settlement as to the remaining damages claims. And Defendant's proposal for settlement was only directed at Plaintiff's remaining claims for damages. Plaintiff ignored the proposal for settlement and continued to press its claims for damages up to the summary-judgment stage, ultimately resulting in a loss. The fact that Plaintiff originally alleged and pursued declaratory and injunctive relief

3

early in the case, before the offer of settlement was served, does not immunize Plaintiff from fee liability upon rejecting a later, valid offer of settlement of Plaintiff's damages claims.

Accordingly, this Court rejects Plaintiff's objection that the proposal for settlement is unenforceable. Defendant's motion, ECF No. 77, is **GRANTED**. Defendant is entitled to an award of attorney's fees pursuant to Florida law. Pursuant to Local Rule 54.1, Defendant must file its motion to determine fee amount and any supporting materials **on or before Monday, April 14, 2025.** Plaintiff must file its response to the motion to determine fee amount **on or before Wednesday, May 14, 2025.**

**SO ORDERED on March 13, 2025.**

**s/Mark E. Walker**
**Chief United States District Judge**